U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/29/2021

April 19, 2021

4/29/2021
Extension granted
CM

By ECF
The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMO ENDORSED

Re:  *Environmental Justice Health Alliance for Chemical Policy Reform, et al. v. Council on Environmental Quality, et al.*, No. 20-cv-6143 (CM) (S.D.N.Y.)

Dear Judge McMahon:

      This Office represents defendants Council on Environmental Quality ("CEQ") and Brenda Mallory,[1] in her official capacity as Chair of the Council on Environmental Quality (together, "defendants") in the above-captioned action. In accordance with the Court's February 16, 2021 Order, Dkt. No. 65, we submit this joint status report regarding the future of proceedings in this matter. For the reasons outlined below, counsel for defendants and plaintiffs agree that this matter should be stayed for an additional sixty days. Accordingly, we request that the Court enter an order extending the stay until June 18, 2021, and requiring the parties to submit a further status report by the same date. Counsel for the intervenors have advised that they take no position on this request.

      As background, plaintiffs challenge CEQ's July 16, 2020 rulemaking entitled Update to the Regulations Implementing the Procedural Provisions of the National Environmental Policy Act, 85 Fed. Reg. 43,304 (July 16, 2020) (the "2020 Rule"). While the parties were engaged in motion practice, however, President Biden issued Executive Order 13990, directing federal agencies to "immediately review and, as appropriate and consistent with applicable law, take action to address the promulgation of Federal regulations and other actions during the last 4 years that conflict" with "important national objectives." 86 Fed. Reg. 7,037, 7,037 (Jan. 25, 2021). The White House specifically identified the 2020 Rule as subject to these requirements.[2]

      In light of Executive Order 13990 and CEQ's review of the 2020 Rule, on February 12, 2021, the Parties stipulated to a sixty-day stay of this case. *See* Dkt. No. 64. On February 16, 2021, the Court stayed this action and directed the parties to submit a status letter outlining a proposal

---

[1] Because Brenda Mallory was confirmed by the Senate as CEQ's Chair on April 14, 2021, she is automatically substituted as defendant pursuant to Fed. R. Civ. P. 25(d).

[2] Fact Sheet: List of Agency Actions for Review, https://www.whitehouse.gov/briefingroom/statements-releases/2021/01/20/fact-sheet-list-of-agency-actions-for-review/.

for how this matter will proceed within sixty days of the entry of the Court's February 16, 2021 Order. *See* Dkt. No. 65.

Since then, CEQ has begun reviewing the 2020 Rule pursuant to Executive Order 13990 and, as part of that process, is considering whether to propose to amend or repeal the Rule in whole or in part. Although CEQ has begun its review process, the Senate did not confirm CEQ's new Chair until April 14, 2021. Now that the new Chair has been confirmed, CEQ will be in a better position to consider appropriate actions to take with respect to both the 2020 Rule and this litigation. Plaintiffs and defendants agree that a further sixty-day extension of the stay is appropriate to accommodate CEQ's continued review of the 2020 Rule.

Entry of a further stay is consistent with the Court's broad discretion to stay proceedings and defer judicial review. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). It is also consistent with CEQ's inherent authority to reconsider and to revise, replace, or repeal a prior decision to the extent permitted by law and supported by a reasoned explanation. *See FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983). Further, an extension of the stay may serve the interest of judicial economy, if CEQ changes course during the stay in a way that narrows the scope of the parties' dispute.

For the foregoing reasons, defendants and plaintiffs agree that a sixty-day extension of the stay of this case is appropriate. Therefore, we respectfully request that the Court enter an order staying the case for an additional sixty days, until June 18, 2021, and requiring the parties to submit a further status report on or before June 18, 2021.

We thank the Court for its consideration.

                                        Respectfully submitted,

                                        AUDREY STRAUSS
                                        United States Attorney for the
                                        Southern District of New York

                                  By:   */s/ Danielle J. Levine*
                                        DANIELLE J. LEVINE
                                        ZACHARY BANNON
                                        Assistant United States Attorneys
                                        Tel.:    212-637-2689/2728
                                        E-mail: danielle.levine@usdoj.gov
                                                   zachary.bannon@usdoj.gov